IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS A. MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-0430-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Phyllis A. Moss seeks judicial review,[1] of a final administrative decision denying her Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on June 12, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1956 and was 52 years of age on the date she filed her application for disability. Plaintiff filed her application for Supplemental Security Income on January 11, 2009. Plaintiff has past relevant work as a data entry worker, cook, bartender and bar manager. Plaintiff alleges disability based on post-traumatic stress disorder (PTSD), bipolar disorder, seasonal affective disorder, anxiety, sleep apnea, and a thyroid tumor.

Plaintiff's application was denied initially, and on August 20, 2010, following a hearing, the administrative law judge (ALJ) found plaintiff was not disabled as defined by the Social Security Act. On March 27, 2012, the Appeals Counsel denied plaintiff's request for review; thus, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff alleges the ALJ erred in consideration of the medical source opinions and failed to properly account for all of plaintiff's impairments in assessing her residual functional capacity (RFC). The Commissioner argues the ALJ's decision, including weight given to the medical

source opinions and the RFC determined, are supported by substantial evidence in the record as a whole.

Upon review, for the reasons set forth below, this Court finds the final decision of the Commissioner is supported by substantial evidence on the record as a whole.

The ALJ did not err in consideration of the medical opinions. Plaintiff's argument that the ALJ improperly discounted the opinion of treating nurse practitioner Ms. Chance is not supported by the evidence. Rather, the record reflects the ALJ considered the opinion, but gave it limited weight because it was not supported by the overall medical evidence and appeared based on plaintiff's subjective complaints. This is a valid basis for discounting a treating source's opinion. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007) (ALJ entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record); Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) (ALJ properly gave treating physician's opinion noncontrolling weight when that opinion was largely based on claimant's subjective complaints); Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (ALJ entitled to discount treating physician's statements regarding claimant's limitations because such conclusion was based primarily on claimant's subjective complaints and not medical evidence). Moreover, Ms. Chance, as a nurse practitioner, is not an "acceptable medical source," and therefore, cannot be given controlling weight by the ALJ. 20 C.F.R. § 416.927(b); Social Security Ruling 06-03p, 2006 WL 2329939, at *1-2.

Regarding the opinion of Dr. Amin, the ALJ need not discuss this opinion because it is outside the relevant timeframe of plaintiff's application for disability. Plaintiff saw Dr. Amin on one occasion two months before filing her application for disability. See 20 C.F.R. § 416.335.

As to the opinion from the Missouri Department of Social Services regarding plaintiff's disability, such opinion is not controlling in determining whether plaintiff is disabled under the standard of the Social Security Act. See SSR 06-03p, 2006 WL 2329939, at *7 (not bound by disability decisions by other governmental and nongovernmental agencies). See also 20 C.F.R. § 416.904. Further, despite plaintiff's assertion to the contrary, the ALJ did consider this information, as stated in the transcript of the hearing. Tr. 57-58.

Plaintiff's argument that the ALJ erred by failing to consider the findings made at the initial level on her application in determining her RFC is without merit. The ALJ's opinion at

Step 3 specifically states that "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process."  Tr. 14.

Finally, as to plaintiff's credibility, the ALJ gave valid reasons for discounting plaintiff's credibility.  The ALJ noted plaintiff's failure to follow recommended treatment for her mental impairments, and poor earnings record.  See Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008) (adverse credibility supported by claimant's failure to attend recommended therapy appointments); Baker v. Barnhart, 457 F.3d 882, 893-94 n.7 (8th Cir. 2006) (claimant's decision not to undertake recommended therapy was valid factor in credibility determination).  See also Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001) (lack of work history may indicate lack of motivation to work rather than lack of ability).

## Conclusion

Based on the foregoing, this Court finds there is substantial evidence in the record as a whole to support the decision of the ALJ.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 13th day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge